Battle, J.
 

 This case depends upon the construction of the same deed which was before us in the action of ejectment between the same parties, and which we have already decided at the present term.
 

 In that case we held that it was the manifest intention of the plaintiff, to give by the deed in question, the land and slaves therein mentioned, to the defendant in trust for his wife, who was the daughter of the plaintiff,- and that the words therein used, though untechnical and informal, were sufficient to convey the land ; and the question in this case is, whether they are also sufficient to convey the slaves. The cases of
 
 Fortesque
 
 v.
 
 Satterthwaite, 1
 
 Ire. Rep., 566;
 
 McAllister
 
 v.
 
 McAllister,
 
 12 Ire. Rep., 184, and
 
 Respass
 
 v.
 
 Lanier,
 
 8 Ire. Eq. Rep., 281, clearly show that no technical words are necessary in a
 
 bill of sale
 
 for slaves, and we know of no authority or principle, which makes a distinction in that respect between a bill of sale and a deed of gift. Upon these cases then, and upon the argument in the
 
 *352
 
 ejectment case between the present parties, we rely to support the conclusion to which we have come, that the plaintiff is not entitled to recover. The judgment in his favor must therefore be set aside, and a judgment of nonsuit be entered according to the case agreed.
 

 Per Curiam. Judgment accordingly.